**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM T. GRAY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 19-cv-2006 (CJN) |
| | ) |
| WALTER REED NATIONAL MEDICAL | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

William T. Gray, III filed this lawsuit against a number of defendants under a host of legal

theories surrounding his allegedly improper discharge in 1985 from his job as a police officer with

the Walter Reed National Medical Center.  *See* Compl., ECF No. 1. The case was randomly

reassigned to this Court after Judge Lamberth's recusal.  *See* Order of Recusal, ECF No. 47; *see*

*also* Minute Entry, ECF No. 48.

Prior to his recusal, Judge Lamberth had dismissed with prejudice all claims against the

federal defendants.  *See* Order, ECF No. 36.  Judge Lamberth had also dismissed without prejudice

all claims against the remaining non-federal defendant, which resulted in the termination of the

action and an appealable order.  *See* Order, ECF No. 46.  Pending before the Court include a motion

for recusal and to reopen the case and a motion for a settlement conference and for leave to amend

the complaint.  *See* Mot. for Recusal, ECF No. 49; Mot. for Settlement Conference and for Leave

to Amend, ECF No. 50.[1]  For the reasons that follow, the Court declines to reopen the case and as a result denies both motions.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a previous judgment for six enumerated reasons:  (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence;" (3) "fraud, . . . misrepresentation, or misconduct by an opposing party;" (4) a void judgment; (5) a "satisfied, released, or discharged" judgment; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b);  *More v. Lew*, 34 F. Supp. 3d 23, 27 (D.D.C. 2014).  Rule 60(b)(6) provides courts with the authority to set aside a judgment provided that the judgment did not rest "on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).  The "catch-all provision" should be used "sparingly," and it takes "extraordinary circumstances" for the provision to apply.  *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quotation omitted);  *see Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1119–21 (D.C. Cir. 2011) (noting that the catch-all provision requires a "more compelling showing of inequity or hardship").

Courts have recognized that a judge's recusal after entry of final judgment *can* provide a basis for invoking Rule 60(b)(6).  *See Moore v. Intuitive Surgical, Inc.*, No. 1:15-CV-00056 (WLS), 2019 WL 10784552, at *4 (M.D. Ga. Oct. 16, 2019).  But courts have also recognized that such a recusal does not preclude a harmless error analysis.[2]  *Liljeberg*, 486 U.S. at 862 ("As in

---

[1] The Court has reviewed Gray's filings while keeping in mind that *pro se* litigants are held to less stringent standards than those applied to lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court construes Gray's motion for recusal as seeking relief under Rule 60(b). *See* Mot. for Recusal, ECF No. 49.

[2] 28 U.S.C. § 455 requires a judge's recusal where "a reasonable and informed observer would question the judge's impartiality." *See United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018) (quotation omitted).  28 U.S.C. § 144 requires a judge's recusal if the judge "has a personal bias or prejudice" either against or in favor of a party. *See S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004).  The Due Process Clause may also require the recusal of a judge when, based on an objective analysis, "the probability of actual bias on the part of the judge or

other areas of law, there is surely room for harmless error committed by busy judges who inadvertently overlook disqualifying circumstances."); *Shell Oil Co. v. United States*, 672 F.3d 1283, 1292–93 (Fed. Cir. 2012); *United States v. Robinson*, 439 F.3d 777, 779 (8th Cir. 2006); *In re BellSouth Corp.*, 334 F.3d 941, 956 n.7 (11th Cir. 2003). This inquiry requires the Court to ask whether the error "affected the outcome of the district court proceedings." *Sibert-Dean v. Washington Metro. Area Transit Auth.*, 721 F.3d 699, 703 (D.C. Cir. 2013) (quotation omitted); *see also* Fed. R. Civ. P. 61.

Gray argues that Judge Lamberth erred by not recusing himself earlier, but even assuming that is correct, it had no effect on the outcome. Judge Lamberth dismissed with prejudice all claims against the federal defendants on the basis of claim preclusion. *See* Order, ECF No. 36. Indeed, Gray has filed essentially the same lawsuit numerous times with numerous adjudicative bodies. *Id.* at 2. Judge Lamberth also dismissed the claims against the federal defendants because Gray failed to exhaust his administrative remedies. *Id.* And as to the non-federal defendant, Judge Lamberth dismissed Gray's claims without prejudice because he failed to serve the defendant in accordance with Rule 4 despite being given numerous opportunities to do so. *See* Order, ECF No. 46. The Court has reviewed the record of this case and concludes that even if Judge Lamberth should have recused himself earlier, any error was harmless.[3]

The Court draws support from *Moore v. Intuitive Surgical, Inc.*, No. 1:15-CV-00056 (WLS), 2019 WL 10784552 (M.D. Ga. Oct. 16, 2019). There, after Judge Gardner granted

---

decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009) (quotation omitted); *Hurles v. Ryan*, 752 F.3d 768, 789 (9th Cir. 2014).
[3] Even assuming that the error was not a harmless one and that the judgment has to be reopened, the Court would issue a final appealable order adopting the rationale provided by Judge Lamberth in his order dismissing the claims with prejudice against the federal defendants, *see* Order, ECF No. 36, and in his order dismissing the claims without prejudice against the non-federal defendant, *see* Order, ECF No. 46.

summary judgment to the corporation defendant, she disclosed that her husband was a stockholder of the defendant-corporation at the time of her summary judgment decision. *Id.* The case was reassigned after Judge Gardner's recusal. *Id.* Thereafter, the plaintiff filed a motion under Rule 60(b)(6) to vacate the judgment. *Id.* Judge Sands held that, even assuming that Judge Gardner should have recused from the beginning of the lawsuit, "vacatur is not always appropriate or required . . . [e]ven where a judge has violated the recusal statute." *Id.* at *4. Judge Sands instead looked to three factors to determine whether the failure to recuse earlier amounted to something more than harmless error. *Id.* After determining that the risk of injustice to the parties was low, that there was little risk that the denial of relief would produce injustice in other cases, and that there was little risk of undermining the public's confidence in the judicial process, Judge Sands denied the motion to vacate and reopen the case. *Id.* at *4–5 (citing *United States v. Cerceda*, 172 F.3d 806, 812 (11th Cir. 1999)).

Those factors, applied to this case, also cut against Gray's motion to reopen. There is little risk that the denial of relief would produce injustice in other cases; there is little risk that denying the motion will undermine the public's confidence in the judicial process; and there is little risk Gray will suffer prejudice.

Accordingly, the Court declines to reopen the case under Rule 60(b) and as a result denies Gray's motion to that effect. *See* Mot. for Recusal, ECF No. 49. The Court also denies the motion for a settlement conference and for leave to amend the complaint as moot. *See* Mot. for Settlement Conference and for Leave to Amend, ECF No. 50. An Order consistent with this Memorandum Opinion is issued separately.

4

DATE: November 2, 2021

_____

CARL J. NICHOLS
United States District Judge